2014

U.S. DISTRICT COURT
DISTRICT OF NH
FILED

2017 JUL 18 A 11: 43

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci,

v.

Stuart Chase

Wolfeboro Police Department

### JURISDICTION

1.    this action is brought pursuant to 42 U.S.C. 1983,   Jurisdiction is founded upon 28 U.S.C. 1331 (1x3x4),  and aforementioned statutory provision.  Plaintiff further invokes the supplemental jurisdiction of the court under 28 U.S.C. 1367 (a) to hear and adjudicate state law claims.

### PARTIES

2.    Plaintiff Josephine Amatucci is a citizen of the United States and a resident of Wolfeboro, New Hampshire.

3.    Stuart Chase,  the former police chief,  he is being sued in his official as well as his individual capacities.

4.    The Wolfeboro Police Department

JURY TRIAL DEMANDED

### COMPLAINT INTRODUCTION

### BASED ON ARREST FOR DISOBEYING A POLICE OFICER

### WHEN THERE WAS NO WARRANT OR PROBABLE CAUSE

### TO ARREST,  AND THAT THEREFORE THE ARREST WAS UNLAWFUL

### UNDER NH RSA 594:10

1

5.    This Complaint, is a new cause of action is based on the unlawful seizure of the Plaintiff by Stuart Chase,  the former Police Chief of the Wolfeboro Police Department. The Plaintiff states that Chase had no probable cause or warrant which was required when he arrested her on May 7, 2014.  That although the trial court judge Patten found her guilty of the Offense of Disobeying a Police Officer because she did not stop for *BUT* Chase when he was pursuing her with his lights and siren on,   because Chase did not have............ "Probable Cause"........... or a.......... "WARRANT".........Chase had no legal right to arrest her.  That she was accused of "Speeding"  by  Chase and because she was found NOT GUILTY of speeding by the trial court judge Patten,  and where the judge found the police had ........NO PROBABLE CAUSE"  to seize her,  that her pursuit was a set up, as the police were on the lookout for her,  then the police had no probable cause to pursue her,  and she was NOT DISOBEYING A POLICE OFFICER when she did not stop for the police.   As she knew why they were pursing her, as Chase had just warned her in the police station that he would arrest her on the spot if she complained about the police,   and he knew she was headed to the Sheriff's  office to lodge a complanint against him for his unlawful actions towards her in the police station minutes earlier.

6.    That where Chase had .........NO PROBABLE CAUSE........to pursue her and no WARRANT.........she was not guilty of the offense of disobeying a police officer under New Hamphsire Statute Chapter 594 Section 594:10 Arrest Without a Warrant.  Which states that the police MUST HAVE PROBABLE CAUSE AND A WARRANT TO ARREST. *AND JUDGE PATTEN FOUND THE POLICE HAD NO PROBABLE CAUSE TO SEIZE HER, SHE WAS NOT SPEEDING - NO PROBABLE CAUSE TO ACCUSE HER OF DISOBEYING A POLICE OFFICER*

7.    This is a new cause of action to be consolidated with docketed No. 27 fp 237 which is currently before the court.  It is to be consolidated in the above docket as the defendants opened the door to this claim in the first cause of action,  when they addressed the Offense of Disobeying a Police Officer in the first cause of action.   The Plaintiff did not include this Offense in the first cause of action which was based entirely on the fact

that she was found NOT GUILTY of Speeding, and she had a claim of a Fourth Amendment Malicious prosecution. This claim is based on an unlawful arrest where Chase had no probable cause and no warrant, whereas her arrest, incarceration and prosecution was unlawful.

8.      There is no Res Judicata effect in this action as the first cause of action only addressed a Fourth Amendment Malicious Prosecution where the the Plaintiff was found NOT GUILTY of Speeding by the trial court judge.

9.      In this case the trial court judge found the Plaintiff guilty of Disobeying a Police Officer because she did not stop her car when Chase was pursuing her with his lights and siren on. However, Chase WAS GUILTY of an unlawful arrest as he had no PROBABLE CAUSE OR A WARRANT to arrest, incarcerate and prosecute her which is required under RSA 594:10. He had NO PROBABLE CAUSE TO ARREST HER AND TO ARREST WITHOUT A WARRANT YOU MUST HAVE PROBABLE CAUSE. As if she was NOT GUILTY of speeding as stated by the trial court judge Patten, then if she was not speeding, Chase had no PROBABLE CAUSE to pursue her and arrest her. And she did not have to stop her car for him, as she knew why he was pursuing her, not because she was speeding, but because he had promised her in the police station that he would arrest her on the spot if she accused the police of misconduct, and he knew she was on her way to the Sheriff's office to lodge a Complaint against him for his Retalitory actions against her in the police station, as she told the town employees in the Town Hall she was going to the Sheriff's office.

10.     The Plaintiff is accusing Chase of a violation of her First, Fourth and Fourteenth rights under the Federal Constitution under a violation of Due Process of the Law. Under a violation of her liberty protections, and equal protection under the law.

11.     Of terrorizing and assaulting her in the police station on May 7, 2014, in

Retaliation because she was asking Chase to investigate officer Dean Rondeau's bogus traffic violation in August of 2013.

12.     When the trial court judge found her guilty of Disobeying a Police Officer, he based his decision on the fact that there was no direct evidence of my state of mind that day, but there was evidence of a video showing Chase abusing the Plaintiff in the police station, but the prosecutor and the Court was concealing this video underneath the file folder, which the Plaintiff found after she was found guilty by the judge of Disobeying a Police Officer. This video was the evidence of her State of Mind that day. You can see Chase threatening her with his finger in her fact, and pushing her out the door. There was .........FRAUD..........in the decision of guilt of the offense of Disobeying a Police Officer, as the prosecutor was hiding her state of mind when he was concealing the true video, as he had presented before the court a video that was taken a year earlier in the police station, but was concealing the true video. The Plaintiff is in possession of the fraudulent video and the true video, as when she found the true video with the help of the Clerk, she was able to get a copy of the true video, and it is already before this court.

A PATTERN OF RETALIATION

13.     Chief Chase was pursuing her in Retaliation because she was asking him to investigate Police Officer Dean Rondeau. Retaliation is a continuing conduct of the Wolfeboro Police Department when a citizen files a Complaint about misconduct of the police. In August of 2013 police officer Dean Rondeau Retaliated when the Plaintiff filed a Complaint against the former police officer James O'Brien (who was terminated). Rondeau accused the Plaintiff of erratic driving and contacted the Department of Public Safety to have me re-tested with the intention of having my license to drive revoked. By he grace of God I was in Massachusetts at the time and could prove

4

it because I was in two banks at the time and had a withdrawal slip which proved I was at the bank at the time Rondeau was accusing me of erratic driving at the Lake Wentworth State Park.   Then Stuart Chase,  the former police chief (who was terminated) in retaliation because I was asking him to investigate Rondeau unlawfully and in malice followed me and arrested me by accusing me of Speeding when I was NOT SPEEDING, as verified by the trial court judge Patten.   I was NOT GUILTY.  It was a..... PATTERN..... of the Wolfeboro Police Department to Retaliate.   Judge Patten agreed that my pursuit by the police was a set up which started from the Town Hall when officer O'Brien (who was terminated) in a conspiracy with the Acting Town Manager Rob Houseman (who was also terminated) set me up in a  pursuit to stop me from reaching the Sheriff's office.

14.     This is a claim for an unlawful seizure, arrest, and incarceration.  When Chase falsely accused the Plaintiff of the offense of Disobeying a Police Officer,  because I did not stop my car for Chase when  he was pursuing me with  his lights and siren on,  trying to stop me from reaching the Sheriff's  office where he knew I was going to lodge a Complaint against him for  his Retaliation and unlawful actiions against me in the police station when I asked him to investigate officer Rondeau.   Where in Retaliation he threatened me that if I ever accuse the police of misconduct he will arrest me on the spot, which he did,  and he then assaulted me by pushing me out the door of the police station in Retaliation because I was asking him to investigate the actions of Rondeau.  His actions were  In a .........."Continuing  Conduct Pattern".......... of the Wolfeboro Police Department where they have a pattern of refusing  to investigate the misconduct of the police.

15.     The trial court judge Patten found her guilty of Disobeying a Police Officer by stating....." it was  "beyond a reasonable doubt"  that the Defendant neglected to stop when

signaled to stop by a law enforcement officer,  who signals the person to stop by means of audible or visual emergency warning signals under RSA 265:, 1, (c).   A Class A Misdemeanor.

16.    However,  the  trial court did not address the due process of the law under RSA 594:10 which requires PROBABLE CAUSE AND A WARRANT to arrest.   The Plaintiff states that Chase had NO PROBABLE CAUSE AND NO WARRANT when he arrested her for the Offense of Disobeying a Police Officer.   Therefore her arrest was unlawful.  As Chase was pursuing her based on her Speeding,  and when she was found to be NOT GUILTY of speeding and found by the trial court judge that her pursuit by Chase was a set-up to stop her from reaching the Sheriff's  office,  then it is BEYOND A REASONABLE DOUBT that Chase had no probable cause to pursue her,  and had no WARRANT,   and therefore the arrest was unlawful,   and the arrest was only based on Retalition because she accused the police of misconduct.   And she was threatened by Chase in the police station minutes earlier that if she accuses the police of misconduct he will get her and arrest her on the spot.

FRAUD

17.    This cause of action is based on Fraud,  where the prosecutor was concealing the true video which was direct evidence of the Plaintiff's  state of mind,  when she refused to stop for Chase,  which was a defense of her state of mind,  and where the judge could not accuse her of Disobeying a Police officer.    As in the true video which the prosecutor was concealing,  one  can see Chase threatening her with his finger in her face,  and assaulting her and telling her if you accuse the police of misconduct I will get you and arrest you on the spot.   Instead of presenting the true video before the court .....IN FRAUD....The prosecuter had presented a fabricated  video that was taken a year earlier in the police station and was concealing the original video  under the file folder,  which the Plaintiff discovered  after she was found guilty of Disobeying a Poice officer.   She couldn't discover the video earlier because the clerk would never give her access to the files.

6

18.    The pursuit was unlawful, it was found to be a set-up by the judge, she was not speeding, and Chase had no probable cause or warrant to arrest her.

19.    That although the Plaintiff might have neglected to stop, it does not mean that the police had PROBABLE CAUSE TO ARREST HER without allowing her due process of the law.

20.    The question here is where the Plaintiff was NOT SPEEDING, what probable cause did Chase have to pursue her with his lights and signals, and having none, and having no warrant, HER ARREST WAS UNLAWFUL.

21.    That although the trial court judge based his decision to find her guilty under RSA 265L4m 1(c) where Chase had NO PROBABLE CAUSE OR A WARRANT to arrest her he was violating New Hampshire Statute Chapter 594-Arrests in Criminal Cases, WITHOUT A WARRANT. That the Plaintiff may not have stopped for the police, however, the police had NO PROBABLE CAUSE, AND NO WARRANT to arrest her. Therefore, her arrest was illegal.

### NO RES JUDICATA EFFECT

22.    And where her Complaint in this case is based on an unlawful arrest under Statute 594, Section 594:10 ARREST WITHOUT A WARRANT, and not under RSA 265:4, 1, (c) there is no Res Judicata Effect.

23.    This case will go directly to the jury for DAMAGES ONLY as it can be proven that defendant Chase had absolutely no PROBABLE CAUSE to seize the Plaintiff on May 7, 2014, " WITHOUT A WARRANT".

24.    594:10 Arrest Without a Warrant -

1.    An arrest by a peace officer..... without a warrant.....on a charge of a misdemeanor or a violation is lawful whenever:

(a)  He has PROBABLE CAUSE to believe that the person to be arrested has committed a misdemeanor or violation in his presence; or

(b)  He has PROBABLE CAUSE to believe that the person to be arrested has within the past 12 hours committed abuse as defined in RSA 173-B:1 against a person eligible for protection from domestic violence as defined in RSA 173-B:1, has within the past 12 hours

7

violated a temporary or permanent protective order issued under RSA 173 B or RSA 458:16 by committing assault, criminal trespass, criminal mischief or another criminal act, or has within the last 12 hours violated stalking provisions under RSA 633:3-a.

(c)    He has PROBABLE CAUSE to believe that the person to be arrested has committed a misdemeanor or violation, and, if not immediaely arrested, such person will not be apprehended, will destroy or conceal evidence of the offiense, or will cause further personal injury or damage to property.

25.    The Plaintiff states that because Chase had NO PROBABLE CAUSE and NO WARRANT

he is guilty of violating her Civil Rights.   And if it was possible to consider Criminal Charges

against Chase, he would be guilty of .......KIDNAPPING.   But the Plaintiff is not accusing him

of this claim as this is a civil claim.   Realistically Chase is a FELON.

26.    And we know Chase  is guilty of this violation of her Civil Rights because:

" STUART CHASE WAS TERMINATED FROM THE WOLFEBORO POLICE DEPARTMENT"

27.    The Plaintiff was addressing her First Amendment Right not to stop for Chase,

her right to redress her grievances.   She had a right  to disobey an unlawful seizure,   she

knew  that Chase was trying to seize her in Retaliation because she accused the police of

misconduct.   There was a..... causal connection..... between her  arrest by Chase and the

fact that she was accusing the police of misconduct.   There also was a causal connection

between the de facto policy of he police department to Retaliate when a citizen accuses

the police of misconduct.

28.    The Supreme Court of South Carolina in State v. Byrd, 72 S.C. 104 51, S.E. 542, 544

(1905) affirmed a prior decision of the Court holding that:

"At common law as a general rule, an arrest could not be made without a warrant for an offense less than a felony, except for a Breach of Peace.   State v. Sims 16 S.C. 486, 15 Butolph v. Blust - states no arrest unless Breach of Peace citing Rhodes, 202 Ala. 68, 79 So. 462, 464 (1918).....NO ARREST WITHOUT DUE PROCESS OF THE LAW."

29.    The Plaintiff is accusing Chase of a violation of her Constitutional rights under

the First,  Fourth and Fourteenth Amendments,  under Due Process of the Law.   And her right

to Redress her Grievances without being RETALIATED against.

30.     That this unlawful seizure,  incarceration and prosecution was a violation of her

Civil Rights.   That Chase had no authority to arrest her without a WARRANT and without

Probable cause.   Therefore,  since the arrest of the Plaintiff deprived her of her liberty by an

act pursuant to a violation of Due Process of the Law,  the arrest is unlawful under Section

1983 under Due Process which is not determined by he Legislature.

*ASSAULT, Threatening*

COUNT 1..........Intentional Negligent Infliction of Emotional Distress.

Count 11..........Pain and Suffering

Count 111.........Violation of her First,  Fourth  and Fourteenth Amendments.

Count 1V..........Unlawful arrest and incarceration and prosecution*, A 4th Amendment Malicious Prosecution*

Jury Trial Demanded

Respectfully,

Josephine Amatucci

July 11, 2017

C.  Wolfeboro Police Department and  Stuart Chase



Log in or Sign up

Search...

Forums        Members        Help        What's New?

**Search Forums    Recent Posts**



Every 8 minutes, we respond to a disaster.

American
Red Cross

Forums     Main Forum     Just Shootin' The Breeze

# Jury clears former police chief accused in lawsuit

Discussion in 'Just Shootin' The Breeze' started by DeputyFife, Sep 18, 200?

Thread Status: **Not open for further replies.**

*A Pattern*
*of Chief Chase*
*he was Terminated in 2004*



Jury clears former police chief accused in lawsuit

**By Patricia Cronin**

**Staff writer**

**DeputyFife**

Subscribing Member

DANVERS - A federal jury has rejected claims made by a Danvers woman that former police Chief Stuart Chase violated her civil rights when he arrested her for trespassing in his office in 2003.

After a brief deliberation, the jury determined on Thursday that Chase did not violate the woman's right to petition the government and did not arrest her without probable cause.

The lawsuit, which was filed in U.S. District Court in Boston, sought punitive damages, which the jury did not award.

"We felt clearly that there was no evidence to support the allegations, and we were pleased to have that confirmed by the jury's decision," Town Manager Wayne Marquis said Friday. "We're glad to have that behind us, and I know Stu is, too."

Cynthia Kennedy, 50, of Rand Circle had gone to the police station on Sept. 29, 2003, to speak to the chief about a problem with an officer. According to court documents, Lt. David Woytovich had been to her home earlier and told her to move an unregistered car parked on the curb. When she tried to show him a notice from the town giving her 30 days to move the car, Woytovich threatened to arrest her for loitering.

"I knew the police weren't going to be happy about me making a complaint," Kennedy said on Friday. "I was trying to be very polite and discreet. That's why I was trying to speak with the chief."

Case 1:17-cv-05522    Document 1    Filed 07/18/17    Page 12 of 13

But an attorney for Chase said Kennedy was anything but discreet when she "flew off the handle" and began yelling at police.

According to testimony provided during the trial by other police officers and by current police Chief Neil Ouellette, who was in Chase's office when the incident occurred, Kennedy was agitated when she was told she would have to leave and file her complaint at another time.

When Kennedy asked, "Don't I have the right to file a complaint?" she said that Chase replied, "You have a right to get out of here. There's the stairs."

Kennedy said Chase grabbed her with enough force to leave bruises on her arm and then arrested her.

After she was fingerprinted, she was given a complaint form to fill out. The trespassing charge was dropped in court the following day, but Kennedy was assessed $50 in court fees.

When reached by telephone yesterday, Ouellette would not comment on the jury's decision.

Kennedy said, however, she was happy to have brought the case to trial, even if she lost the case. "I'm depressed, but happy I was able to fight for my constitutional rights," she said.

Chase retired in January 2005 after 35 years with the police department, two of them as chief. He is now chief of police in Wolfeboro, N.H. He could not be reached on Friday for comment.

DeputyFife, Sep 18. 2006                                                                    #1

(You must log in or sign up to reply here.)

Thread Status: **Not open for further replies.**

Share This Page

Tweet            0          Recommend | Sign Up **to see what your friends recommend.**


Every 8 minutes, we respond to a disaster.
American Red Cross


CASA

Sign up now!

7-cv-00582-JL    Document 1    Filed 07/18/17    Page

FROM: J. AMATUCI
P.O. BOX 242
WOLFEBORO FALLS, N.H. 03896

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
55 PLEASANT ST.
ROOM 110
CONCORD, N.H. 03301 - 3941

0930183941 C011