UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Josephine Amatucci

   v.                                                            Civil No. 17-cv-582-JL

Stuart Chase et al.[1]

## REPORT AND RECOMMENDATION

Before the court for preliminary review is Josephine Amatucci's complaint (Doc. No. 1), asserting violations of her rights under the federal constitution and state law. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). In the body of her complaint, Mrs. Amatucci indicates that she intends this action to be consolidated with another related case before this court, Amatucci v. Chase, 17-cv-237-JL (D.N.H.) ("Chase I").

## Background

On May 7, 2014, former Wolfeboro Police Department ("WPD") Chief Stuart Chase arrested Mrs. Amatucci for disobeying a police officer when Mrs. Amatucci failed to pull over for police officers with activated blue lights and sirens. Mrs. Amatucci states that she did not stop because she was on the way to the

---

[1] In the caption of the complaint (Doc. No. 1), Mrs. Amatucci names the Wolfeboro Police Department ("WPD") and former WPD Chief Stuart Chase as defendants to this action.

Carroll County Sheriff's Department ("CCSD") to report that, earlier that day, Chase had warned her that he would "arrest her on the spot" if she complained about the police, and that Chase knew Mrs. Amatucci, after that warning, had attempted to complain to Town of Wolfeboro officials about Chase, and was on her way to the CCSD to complain about Chase.

Mrs. Amatucci, once she stopped her car, was arrested for speeding and disobeying a police officer.  After trial on those charges, Mrs. Amatucci was found not guilty of speeding and was convicted of disobeying a police officer after a bench trial. See June 25, 2015 Order After Trial on Merits, State v. Amatucci, No. 464-2014-CR-836 (N.H. Cir. Ct., 3d Cir., Dist. Div., Carroll Cty.).  Here, Mrs. Amatucci seeks to challenge the propriety of her arrest and prosecution for disobeying a police officer, on the basis that her acquittal for speeding equates to a finding by the state trial court that there was no probable cause to arrest her for disobeying a police officer.

Mrs. Amatucci asserts that Chase's actions on May 7, 2014, violated her First, Fourth, and Fourteenth Amendment rights, as well as her rights under state law.  Mrs. Amatucci also claims that Chase's actions on that date were part of a pattern of retaliation against Mrs. Amatucci for her complaints against members of the WPD over the several years before the May 7, 2014

incident.

Mrs. Amatucci also asserts a fraud claim here, alleging that the state court prosecutor in her speeding and disobeying a police officer trial deprived her of exculpatory evidence concerning her state of mind on May 7, 2014. Specifically, Mrs. Amatucci alleges that May 7, 2014 video footage from the WPD lobby demonstrates that she was threatened and assaulted by Chase minutes before the motor vehicle pursuit that resulted in her arrest. Mrs. Amatucci claims that, at her criminal trial, the prosecutor suppressed the May 7, 2014 video, and instead presented a 2013 video of Mrs. Amatucci at the WPD, claiming it was the May 7, 2014 video.

## **Discussion**

In this case, Mrs. Amatucci has asserted a number of federal constitutional and state law claims arising out of the events of May 7, 2014 and the ensuing prosecution. Those events also gave rise to claims litigated by Mrs. Amatucci in a prior federal case, see Amatucci v. O'Brien, No. 15-cv-356-JL (D.N.H.) ("O'Brien"). O'Brien provides a basis for applying the doctrine of res judicata to bar most of the claims asserted here.

When the preclusive effect of a federal judgment by a court exercising federal question jurisdiction is at issue, the court

applies federal law of claim preclusion.  Maher v. GSI Lumonics, Inc., 433 F.3d 123, 126 (1st Cir. 2005).  "Under the federal law of claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action."  Hatch v. Trail King Indus., 699 F.3d 38, 45 (1st Cir. 2012).  "Claim preclusion applies if (1) the earlier suit resulted in a judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related."  Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010).

All of the defendants in this action were defendants in O'Brien, and all of the causes of action asserted here were asserted in O'Brien.  The identity of the parties and causes of action here and in O'Brien are sufficiently related to warrant application of res judicata.

The court in O'Brien issued a judgment on the merits as to all claims in that case, and then altered that judgment to dismiss without prejudice Mrs. Amatucci's malicious prosecution claims under state and federal law, for prosecuting her maliciously for speeding, without probable cause.  See November 17, 2017 Order, O'Brien (ECF No. 229).  Mrs. Amatucci has,

4

however, asserted those claims in another action in this court, Chase I. In an Order issued in Chase I, the court has directed service of the malicious prosecution claims asserted here against the essentially the same set of defendants named in this action.[2] This case is duplicative of Chase I, with respect to those malicious prosecution claims, and those claims may be dismissed, without prejudice, as duplicative of that prior case. All of the remaining claims in this lawsuit, arising out of the events of May 7, 2014 and the ensuing prosecution, are barred by the doctrine of res judicata, in light of the prior judgment in O'Brien.

## Conclusion

For the foregoing reasons, the court recommends that the district judge dismiss this action in its entirety and deny Mrs. Amatucci's motion to consolidate this case with Amatucci v. Chase, No. 17-cv-237-JL (D.N.H.) as moot. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).

---

[2]In Chase I, Mrs. Amatucci has named the Town of Wolfeboro, rather than the Wolfeboro Police Department, as a defendant. As the claim proceeding against the Town of Wolfeboro is based on municipal liability, the WPD and the Town are the same entity for purposes of defending the lawsuit.

5

The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 17, 2017

cc: Josephine Amatucci, pro se