UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Josephine Amatucci</u>

    v.                                    Civil No. 17-cv-582-JL

<u>Stuart Chase et al.</u>[1]

**REPORT AND RECOMMENDATION**

Plaintiff Josephine Amatucci filed a complaint (Doc. No. 1)
in this case, which the court dismissed after preliminary
review, conducted pursuant to 28 U.S.C. § 1915(e)(2) and LR
4.3(d)(2).  See Dec. 18, 2017 Order (Doc. No. 5) (approving Nov.
17, 2017 R&R (Doc. No. 3) ("November 17 R&R")).  After the
magistrate judge issued the November 17 R&R recommending
dismissal of the complaint, but before the district judge
approved that recommendation, Mrs. Amatucci filed a document
entitled "Supplement to Above Lawsuit" (Doc. No. 4).  The
district judge has referred that document to this magistrate
judge for preliminary review pursuant to LR 4.3(d)(2).[2]

---

[1]In the caption of the complaint (Doc. No. 1), Mrs. Amatucci
names the Wolfeboro Police Department ("WPD") and former WPD
Chief Stuart Chase as defendants to this action.

[2]In conducting this preliminary review, the court employs
the standard set forth in the November 17 R&R.

**Discussion**

All of the claims Mrs. Amatucci asserted in her initial

complaint (Doc. No. 1) were dismissed, either because they are

barred by the doctrine of res judicata, or because they are

duplicative of claims asserted in another matter presently

before this court, Amatucci v. Chase, No. 17-cv-237-JL ("Case

17-237").  For reasons explained in the November 17 R&R, all but

one of the complaint supplement claims are barred either by res

judicata or because they are duplicative of claims pending in

Case 17-237.

One claim asserted in the complaint supplement was not

asserted in the initial complaint, and thus warrants separate

consideration.  Specifically, Mrs. Amatucci asserts that her

June 2015 conviction on a misdemeanor charge of disobeying a

police officer should be overturned on the basis that she was

acting in self-defense, under the "laws of STAND YOUR GROUND and

the CASTILE DOCTRINE [sic]," when she committed the acts

resulting in her conviction.[3]  Mrs. Amatucci seeks the reversal

---

[3]"Stand Your Ground" laws, and laws codifying the "Castle
Doctrine," generally concern the circumstances under, and extent
to which, an individual has a duty to retreat, and/or the right
to utilize force, including deadly force, in defense of self,
others, and/or property.  See generally, Benjamin Levin, A
Defensible Defense?: Reexamining Castle Doctrine Statutes, 47
Harv. J. on Legis. 523, 533-35 (2010).

of her disobeying a police officer conviction, and a new trial,
where, she claims, "[a] trial of [her] peers will NULLIFY her
conviction for the offense of Disobeying a Police Officer
WITHOUT A DOUBT."

Mrs. Amatucci's claim concerning her conviction is a
challenge to the validity of the conviction itself.  Such a
challenge is actionable in this court, if at all, in a habeas
corpus action under 28 U.S.C. § 2254.  This is a civil rights
action, and therefore, Mrs. Amatucci may not challenge the
validity of her conviction in this case.

Even if the court were to construe Mrs. Amatucci's
complaint supplement as a § 2254 petition, however, Mrs.
Amatucci's claim would fare no better, as § 2254 relief is only
available to individuals in custody pursuant to the challenged
conviction.  See 28 U.S.C. § 2254(a) (federal court "shall
entertain an application for a writ of habeas corpus in behalf
of a person in custody pursuant to the judgement of a State
court only on the ground that he is in custody in violation of
the Constitution or laws or treaties of the United States"
(emphasis added)); cf. also Maleng v. Cook, 490 U.S. 388, 490
(1989) (habeas petitioner is not "'in custody' under a
conviction when the sentence imposed for that conviction has
fully expired at the time his petition is filed" (emphasis in

3

original) (citations omitted)).  Mrs. Amatucci is not presently in custody pursuant to her disobeying a police officer conviction.  Accordingly, the district judge should dismiss the complaint supplement to the extent it challenges the validity of that conviction.

## Conclusion

For the foregoing reasons, the court recommends that the district judge dismiss Mrs. Amatucci's "Supplement to the Lawsuit" (Doc. No. 4) in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

Andrea K. Johnstone
United States Magistrate Judge

January 19, 2018

cc:  Josephine Amatucci, pro se

4